

**Littler Mendelson, P.C.**
One Newark Center, 8th Floor
Newark, NJ 07102

Jedd Mendelson
973.848.4758 direct
973.848.4700 main
973.741.2304 fax
jmendelson@littler.com

June 20, 2024

<u>**VIA ECF**</u>

Hon. Renée Marie Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3D
Camden, New Jersey 08101

  Re: <u>**Aaron Davis v. Benihana, Inc., et al.**</u>
     <u>**Civil Action No. 1:24-CV-6569-RMB-SAK**</u>

Dear Chief Judge Bumb:

  This Firm represents Defendants Benihana, Inc., Jerry Shott[1], and Brian Alvarado[2] (collectively "Defendants"). In accordance with Your Honor's Individual Rules of Practice, Defendant respectfully requests a pre-motion conference regarding its intention to file a Motion to Dismiss the Complaint under Rules 12(b)(1) and 12(b)(6).

  Plaintiff Aaron Davis's ("Plaintiff") two-count Complaint purports to assert claims of retaliation under the New Jersey Conscientious Employee Protection Act ("CEPA") and the New Jersey Law Against Discrimination ("LAD"). (Compl. at ¶¶ 32-48, ECF No. 1-1.) Under both causes of action, Plaintiff alleges he was discharged in retaliation for discussing pay rates with a coworker, which constituted protected activity. (*Id.*) The Complaint is preempted under Sections 7 and 8 of the National Labor Relations Act ("NLRA") because it explicitly alleges interference with Plaintiff's right to engage in concerted activities for the purpose of mutual aid or protection, i.e., discussing wages with other employees.

  The Supreme Court has unequivocally held that "[w]hen an activity is arguably subject to [Section] 7 or [Section] 8 of the [NLRA], the ... federal courts must defer to the exclusive competence of the National Labor Relations Board." *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). "Preemption ... is designed to shield the system from conflicting regulation of conduct. It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern." *Amalgamated Ass'n of Street, Elec. Railway & Motor Coach Employees v. Lockridge,* 403 U.S. 274, 292 (1971). Indeed, the Third Circuit has stated that "*Garmon* preemption protects the *exclusive* jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicated protected concerted activity

---

[1] Defendant Shott's name is misspelled "Shot" in the caption.
[2] Defendant Alvarado's name is misspelled "Alavarez" in the caption.

littler.com

Hon. Renée Marie Bumb, Chief U.S.D.J.
June 20, 2024
Page 2

under Section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under Section 8 of the NLRA, the cause of action is preempted." *Roe v. Diamond*, 519 F. App'x 752, 758 (3d Cir. 2013) (citing *Voilas v. General Motors Corp.,* 170 F.3d 367, 378 (3d Cir.1999)) (emphasis added).

Plaintiff's state law CEPA and LAD claims would require this Court to determine whether Defendant retaliated against Plaintiff for exercising his right to engage in protected activity guaranteed by Section 7 of NLRA. To be clear, Plaintiff's purported alleged protected activity – i.e., discussing wages with other employees[3] – falls squarely within the parameters of Section 7.

In *Lowes Home Centers, LLC & Amber Frare*, the Board held that employee discussions regarding wages are the core of Section 7 rights and are "the grist on which concerted activity feeds." *See Lowes Home Centers, LLC & Amber Frare*, 368 NLRB No. 133 (2019), *slip op.* at 7-8, *enfd.* 850 F. App'x 886, 890 (5th Cir. 2021) (citations omitted). The Board further stated that it "has consistently held that rules or provisions which prohibit employees from discussing wages are unlawful." *Id.*; *see also Victory II, LLC d/b/a Victory Casino Cruises II*, 363 NLRB 1578, 1580 (2016) (citing *Battle's Transportation, Inc.*, 362 NLRB 125, 126 (2015); *Fresh & Easy Neighborhood Market*, 361 NLRB 72, 73 (2014); *Cintas Corp.*, 344 NLRB 943, 943 (2005), *enfd.* 482 F.3d 463 (D.C. Cir. 2007) ("It is settled that Section 7 of the Act grants employees the right to discuss information about other employees, such as wages and other terms and conditions of employment.").

Plaintiff alleges here that Defendants "terminated Plaintiff's employment in direct response to Plaintiff discussing compensation with his coworker, and communicating his reasonable belief that it is unlawful to prevent or retaliate against employees from discussing the same." (Compl. at ¶ 28, ECF No. 1-1.) Plaintiff further alleges he "was terminated in blatant retaliation for his reasonable belief that engaging in discussions with his coworkers related to their payrate was an activity protected by law." (Compl. at ¶ 29, ECF No. 1-1.) Plaintiff's claim explicitly alleges interference with his right to engage in concerted activities for the purpose of mutual aid or protection, i.e., discussing wages with other employees.

As such, it cannot be disputed that the conduct Plaintiff alleges is arguably protected under Section 7 of the NLRA, arguably prohibited under Section 8 of the NLRA, and therefore completely preempted by the NLRA. *Garmon*, 359 U.S. at 245. It follows that the NLRB has

---

[3] The Board has published guidance to the public underscoring that "[u]nder the NLRA, employees have the right to communicate with their coworkers about their wages, as well as with labor organizations, worker centers, the media, and the public." Office of the General Counsel, *Your Right to Discuss Wages*, https://www.nlrb.gov/about-nlrb/rights-we-protect/your-rights/your-rights-to-discuss-wages#:~:text=Under%20the%20National%20Labor%20Relations,their%20workplace%20about%20their%20wages

Hon. Renée Marie Bumb, Chief U.S.D.J.
June 20, 2024
Page 3

exclusive jurisdiction over Plaintiff's claims and that Supreme Court precedent necessitates that this Court dismiss this lawsuit in its entirety with prejudice.

On the basis of the above, Defendants request leave to proceed with their motion to dismiss. We note that today is the deadline for Defendants to answer or move as to the Complaint; Defendants secured an extension previously by seeking an automatic extension under this Court's Local Rules. We understand that under Your Honor's Individual Rules of Practice, our filing of this letter tolls Defendants' time to file its motion. Should the Court direct Defendants to file their motion, we are able to do so as soon as today.

We thank the Court for its consideration of this submission.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Jedd. Mendelson*

Jedd Mendelson
Bilal Haider

cc:   Matthew A. Luber (via ECF)