**McOmber McOmber & Luber**
Counsellors at Law

Matthew A. Luber, Esq.
*Managing Partner*
mal@njlegal.com
Admitted in NJ & PA

50 Lake Center Drive, Suite 400
Marlton, NJ 08053
Phone: 856.985.9800
Fax: 856.263.2450

June 27, 2024

<u>**VIA ECF**</u>
Honorable Renée Marie Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3D
Camden, New Jersey 08101

   Re: <u>*Davis v. Benihana, Inc.*, Docket No. 1:24-CV-6569-RMB-SAK</u>

Dear Chief Judge Bumb:

This Firm represents Plaintiff Aaron Davis in the above-referenced matter against Defendants Benihana, Inc., Jerry Shott, and Brian Alvarado (collectively, "Defendants"). Plaintiff filed a two-count Complaint asserting claims under the New Jersey Conscientious Employee Protection Act ("CEPA") and the New Jersey Law Against Discrimination ("LAD"). The Complaint alleges that Plaintiff was terminated for discussing pay with a co-worker and in retaliation for objecting to Defendants' claim that discussing pay is a valid basis for termination of employment. Following removal, Defendants filed a pre-motion letter for permission to file a motion to dismiss the Complaint on the basis that it is preempted by the National Labor Relations Act ("NLRA"). Defendants essentially request this Court to declare part of the Diane B. Allen Equal Pay Act, N.J.S.A. § 10:5-12, unconstitutional. The statutory language Plaintiff relies on to support his claims is not unique to New Jersey yet Plaintiff has not located a single case that declares the language preempted in or out of New Jersey. Defendants' request should be rejected.

The NLRA does not preempt Plaintiff's claims. As an initial matter, preemption is an affirmative defense on which Defendants bear the burden. *See, e.g.*, *Burns v. TD Bank, N.A.*, 2022 U.S. Dist. LEXIS 222173, at *32 (D.N.J. Dec. 8, 2022) (quoting *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018)). At this stage, "the '[f]acts alleged in the complaint are accepted as true for purposes of the motion,' and dismissal is appropriate only where 'preemption is manifest in the complaint itself.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, Plaintiff's Complaint neither mentions nor relies on the NLRA.

While state-law claims that involve conduct ***arguably*** subject to Section 7 or 8 of the NLRA are preempted, *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959), state-law claims that may be related to labor regulations but that are not identical to claims that must be



McOmber McOmber & Luber, P.C.
www.njlegal.com | Since 1974

R. Armen McOmber has been designated by the Supreme Court of New Jersey as a Certified Civil Trial Attorney

Red Bank | Marlton | Newark | New York | Philadelphia

Chief Judge Bumb
June 27, 2024
Page 2

brought before the National Labor Relations Board ("NLRB") are not, *see, e.g.*, *Sears v. San Diego Cnty. Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978) ("The critical inquiry, therefore, is not whether the State is enforcing a law relating specifically to labor relations or one of general application but whether the controversy presented to the state court is identical to . . . or different from . . . that which could have been, but was not, presented to the [NLRB]"). To that end, the Supreme Court clarified that the word "arguably" in *Garmon* "[m]eans that the party claiming preemption is required to demonstrate that his case is one that the Board could legally decide in his favor." *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 395 (1986).

Defendants have not and cannot establish that the NLRB could legally decide Plaintiff's claims in their favor. Section 7 of the NLRA protects employees' right to organize and join labor unions, collectively bargain, and to "engage in other concerted activities for the purpose of . . . mutual aid or protection." 29 U.S.C. § 157. Section 8 of the NLRA holds that it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Section 7." *Id.* § 158(a)(1).

*First*, Plaintiff did not engage in conduct protected by Section 7. Plaintiff does not allege (and Defendants do not contend) that he was disciplined for participation in union activity or that he was attempting to unionize with his fellow coworkers; no collective bargaining agreement is at play in this case. Instead, Defendants argue that Plaintiff "engage[d] in concerted activities for the purpose of mutual aid or protection, i.e., discussing wages with other employees." ECF 6 at 1. Not so. To be sure, Plaintiff responded to a question from *one* coworker about his understanding of the starting rate for new employees in his position. ECF No. 1-1 ¶¶ 14–15. There is no allegation that Plaintiff did so for "*mutual* aid or protection"; there is no allegation Plaintiff encouraged his coworker to bring his pay to management's attention; there is no allegation that Plaintiff even knew his coworker would do anything with the information Plaintiff provided. Indeed, it was Defendants who brought all employees together to discuss that it was a terminable offense to discuss pay. *Id.* ¶ 18. Even during that meeting, when Plaintiff blew the whistle on Defendants' illegal conduct, he did so on his own behalf and not on behalf of a collective group of employees. *Id.* ¶ 23. Simply put, Plaintiff has not engaged in concerted activities. *Cf. Schultz v. EMR*, Civil Action No. 14-5683, 2015 U.S. Dist. LEXIS 80975, at *8, (E.D. Pa. 2015) (dismissing CEPA claim on *Garmon* preemption grounds when plaintiff exercised union rights); *Shinn v. FedEx Freight, Inc.*, 20 U.S. Dist. LEXIS 169037, at *5–6, Civil Action No. 16-777 (D.N.J. Dec. 6, 2016) (dismissing CEPA claim on preemption grounds when plaintiff alleged termination was based on participation in NLRB investigation). The cases Defendants cite in their pre-motion letter are in accord. ECF No. 6 at 1–2 (citing *Roe v. Diamond*, 519 F. App'x 752, 758 (3d Cir. 2013) (dismissing **NLRA claim** because plaintiff's claims were based on a collective bargaining agreement); *Voilas v. General Motors Corp.*, 170 F.3d 367, 380 (3d Cir. 1998) (holding fraud claim not preempted because employer could not show its misrepresentation to employees was an unfair labor practice under Section 7 and plaintiff's claim did not require interpretation of the collective bargaining process).

*Second*, even if Plaintiff did engage in concerted activity covered by Section 7, Plaintiff's claims are not ones that the NLRB could decide in Defendants' favor. *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 395 (1986) (explaining that where there is activity prohibited by the NLRA, the preemption analysis must look to whether the state law claim is identical to claim that could

Chief Judge Bumb
June 27, 2024
Page 3

be presented to NLRB). In *Puglia v. Elk Pipeline, Inc.*, 226 N.J. 258, 296 (2016), the New Jersey Supreme Court held that a CEPA claim based on plaintiff's termination after he engaged in whistleblowing activity—complaining about failure to pay proper wages in violation of New Jersey state law—was not preempted by the NLRA. The court reasoned that while the plaintiff engaged in concerted activity (unlike here, Puglia was subject to a collective bargaining agreement), the determination whether his termination was retaliation for whistleblowing activity was not identical to the claim that would be brought before the NLRB. *Id.* at 294–95 ("[The] CEPA claim would center on whether [the plaintiff] engaged in whistleblowing activity and whether that activity played a role in his termination. The NLRA claim would instead focus on whether [he] engaged in concerted activity aimed at the conditions of his employment."). Importantly, the court noted that "the Supreme Court has drawn the brakes on *Garmon*'s broad preemption rule." *Id.* at 288.

Just as in *Puglia*, Plaintiff's claims are not within the jurisdiction of the NLRA and the NLRA could not decide (1) whether Defendants terminated Plaintiff's employment in violation of CEPA based on Plaintiff objecting to Defendants' contention that discussing wages is a terminable offense, and (2) whether adverse employment action was taken against Plaintiff for discussing wages in violation of the NJLAD. At best, the NLRB could decide the limited question whether Plaintiff engaged in concerted activity aimed at the conditions of his employment. Plaintiff's claims are limited to the termination/retaliation he faced because of protected conduct. *See generally Castillo v. Express Scripts, Inc.*, Civil No. 18-3144, 2018 U.S. Dist. LEXIS 175877, at *12 (D.N.J. Oct. 12, 2018).

***Third***, preemption also is inappropriate here because there is a deep-rooted state interest in enforcing LAD and CEPA, statutes of general applicability that "by their very nature are 'less likely to generate rules or remedies which conflict with federal labor policy than the invocation of a special remedy under a state labor relations law." *Puglia*, 226 N.J. at 295 ("To find such statutes like New Jersey's Prevailing Wage Act are not preempted by federal law, but that allegations of retaliatory discharge in response to complaints under those statutes are, would undermine the purpose of those statutes and leave employees with a half-baked remedy."); *see also Garmon*, 259 U.S. at 243–44 (recognizing exception to preemption when state is regulating conduct touching "interests so deeply rooted in local feeling and responsibility.").

Plaintiff respectfully requests that the Court deny Defendants' letter request.

                                        Respectfully submitted,

                                        */s/ Matthew A. Luber, Esquire*

cc: Counsel for Defendants